UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HON. BEVERLEY NETTLES-NICKERSON,   Case No. 2:07-cv-11886

    Plaintiff,   Hon. Paul D. Borman
v   Referral Judge Mona K. Majzoub

PAUL J. FISCHER, in his official capacity as
Executive Director of the Michigan Judicial Tenure
Commission,

    Defendant.
_____/

Dennis B. Dubuc (P67316)
Attorney for Plaintiff
Essex Park Law Office, P.C.
12618 10 Mile Road
South Lyon, MI  48178
248-486-5508

Brenda E. Turner  (P24705)
Michigan Department of Attorney General
Attorney for Defendant
P.O. Box 30736
Lansing, MI 48909-8236
517-335-3922
_____/

### DEFENDANT PAUL J. FISCHER'S SUPPLEMENT TO MOTION TO DISMISS

### STATEMENT OF FACTS

When this action was filed on April 27, 2007 asserting violation of Plaintiff's First Amendment right to expose bias and racism by a fellow Ingham County Circuit Judge, Plaintiff was under investigation by the Judicial Tenure Commission (JTC).  On May 14, 2007 Defendant filed a Motion to Dismiss urging this Court to dismiss on various grounds including abstention.

On May 31, 2007 Plaintiff's Response to Defendant's Motion to Dismiss was filed. On June 8, 2007 Defendant's Reply was filed. No further action has occurred in this federal court matter.

Meanwhile in the state court judicial proceedings on May 16, 2007 the JTC filed a Complaint and Petition for Interim Suspension against Plaintiff. On June 6, 2007 the Michigan Supreme Court granted the Petition for Interim Suspension. On July 10, 2007 the Master of the JTC proceedings, the Honorable Leopold Borrello, issued a scheduling order with timelines for motions and set the evidentiary hearing on the charges for September 17, 2007.

On July 17, 2007 Plaintiff/Respondent filed a motion to strike her affirmative defenses by striking the affirmative defense of violation of her First Amendment Right to the United States Constitution in the JTC action. On July 23, 2007 Defendant /the JTC Examiner filed his opposition to that motion. Defendant noted that while Plaintiff gave no reason for the proposed amendment there were ample reasons why the Master should not allow Plaintiff to avoid litigating her First Amendment defenses to the misconduct charges including forum shopping, judicial efficiency, and preclusion issues:

*** 

> [T]he claims made by Respondent in the federal action and raised by way of defense to Formal Complaint No. 81 are identical for all practical purposes.
>
> Respondent is undoubtedly well aware that federal courts often dismiss claims such as hers under the doctrine of abstention. Abstention involves "careful consideration of the federal interests in retaining jurisdiction over the dispute and the competing concern for the 'independence of state action." *Quackenbush v Allstate Ins. Co.,* 517 US 706,728, 116 SCt 1712, 135L Ed2d 1 (1996). Counsel for Mr. Fischer has asked the federal court to abstain from exercising its jurisdiction because the state has an important interest in regulating its judiciary based on its constitutional mandate accompanied by an extensive set of state rules and procedures whose cohesiveness would be disrupted by federal intervention.
>
> Respondent seeks to avoid dismissal of her federal case under the abstention doctrine by deleting those affirmative defenses based on federal constitutional grounds. Should the Master permit Respondent to amend her

2

affirmative defenses, Respondent would argue in federal court that it should retain jurisdiction so Respondent could litigate her federal constitutional claims since the affirmative defenses remaining before the Master were all state-based.

Respondent's claim that allowing the amendment would not prejudice the Commission is fallacious. Retention of jurisdiction by the federal court would result in two proceedings in different forums involving the same factual claims, with one addressing federal constitutional claims and the other dealing with identical state claims. The Executive Director and the Commission would be subject to expensive, protracted litigation in the State and Federal systems over issues which can be fully and adequately addressed by the Master.

Respondent's motion is a clear example of bad faith and forum shopping with no redeeming value. Respondent should not be afforded the opportunity to avoid any *res judicata/collateral estoppel* effect of a state judgment and thereby have a second opportunity to seek relief in what she perceives as a more favorable federal forum.

Failure to permit the amendments would not prejudice Respondent's defense in any way before the Master. The proofs are the same for Respondent's affirmative defenses and joint consideration of state and federal constitutional claims would result in an orderly presentation of issues to the Master. At the hearing, Respondent has the choice of which affirmative defenses, raised in her Answer to the Complaint, she offers proofs on. Examiner's Brief in Support of Answer in Response to Respondent's Motion to Amend Affirmative Defenses, pp 2-4. (Attached Exhibit A)

On August 16, 2007 the JTC Master issued the Opinion and Order Denying Respondent's Motion to Amend Affirmative Defense finding that striking of the First Amendment affirmative defense was prejudicial to the Examiner and inconsistent with judicial economy and litigating all the relevant issues in one lawsuit:

\*\*\*

I find that to allow this amendment would prejudice the examiners since it would require the Examiner to relitigate virtually the same issue in a Federal Court. In the interest of judicial economy and in the interest of litigating all of the relevant issues in one suit, I am denying Respondent's motion to strike the affirmative defense. Opinion and Order Denying Respondent's Motion to Amend Affirmative Defense. (Attached Exhibit B).

**ARGUMENT**

**I.   The State court (JTC) has ongoing judicial proceedings with the full panoply of rights and procedures to effectively and efficiently litigate any federal First Amendment defense by Plaintiff that the JTC is seeking to punish her for exercising her federal constitutional First Amendment right to expose bias and racism by a fellow Ingham County Circuit Court judge. This Court should abstain from exercising jurisdiction and dismiss the Complaint.**

The JTC disciplinary action is a ten count complaint of various kinds of misconduct with only one count directly dealing with racism. Nonetheless, it is clear that the underlying defense expressed in Plaintiff's Answer to the JTC Complaint and Affirmative Defenses is that the multiple charges of misconduct brought against her were motivated by a desire to punish her for speaking out on court racism:

- She believed that Judge Collette was singling her out by enforcing standards in regards to her, when he was not enforcing those same standards as to other Ingham County Circuit Court judges. JTC Answer, Count II, p 11.
- Ms. Dungey was the only African-American court reporter at 30th Circuit Court (see Attachment 16). It is very curious that Judge Collette elected to assign Ms. Dungey to Judge Nettles-Nickerson's courtroom. He was obviously considering issues regarding race at that time. JTC Answer, Count II, p 13.
- I failed to include that the Association of Black Judges (Judge Hayes-Sipes) input/support will be requested, if necessary. JTC Answer, Count II, p 14.
- Judge Giddings obviously believed that Judge Collette's treatment of Judge Nettles-Nickerson appeared to be different than that applied to the other judges, all of whom are white. JTC Answer, Count II, p 17.
- She also questioned why she, as an African-American judge, was being treated differently than other judges on the 30th Circuit Court bench. JTC Answer, Count X, p 43.
- The only apparent difference between Judge Nettles-Nickerson and her colleagues is the fact that she is African-American. JTC Answer, Count X, p 44.
- Judge Taylor also indicated that Judge Robertson, who is white, would contact the individuals involved in the matter and informally report back to the Michigan Supreme Court. Judge Robertson's investigation was not thorough and certainly was not fair. JTC Answer, Count X, p 49.
- *Judge Nettles-Nickerson denies that she 'played the race card.' Placing those words in quotes represents and truly defines the reason the Commission has instituted these proceedings. The Commission is acting as a watchdog to prevent an African-American jurist from pointing out*

4

> *disparate treatment she received from a white chief judge*. JTC Answer, Count X, p 50 (Emphasis added).
> - Judge Nettles-Nickerson also admits that during the press conference in question she expressed her belief that Judge Collette treats her differently because she is African-American. JTC Answer, Count X, p 51.
> - The Complaint seeks to discipline Judge Nettles-Nickerson on the basis of her exercise of rights protected by the United States Constitution, Amend 1, i.e. in bringing charges of racism against the court and/or its employees. JTC Answer, Affirmative Defenses, 3 Abridgement of First Amendment Rights, p 53. (Attached Exhibit C).

These quotes from Plaintiff's JTC Answer make it clear that a critical element of the JTC proceedings is Plaintiff's position that she is being charged because "*The Commission is acting as a watchdog to prevent an African-American jurist from pointing out disparate treatment she received from a white chief judge*." JTC Answer, Count X, p 50 (Emphasis added). It is this rationale that gives the context for the JTC misconduct charges from the Plaintiff's point of view. Clearly it would have been inconsistent with that position to allow Plaintiff to strike the First Amendment affirmative defense in the JTC action that asserts exactly that. Plaintiff's JTC motion appears to have been a part of "procedural fencing" calculated to obtain declaratory relief in federal court where precisely the same claim is asserted.[1]

But Judge Borrello has denied Plaintiff's attempt to withdraw her First Amendment affirmative defense in the JTC action, thereby negating any future argument to this Court by Plaintiff that she is not litigating this federal constitutional claim in state court. As seen from Plaintiff's state court pleadings the First Amendment claims are inextricably interwoven with Plaintiff's defenses on the various judicial misconduct claims.

In summary, these recent events in the state court proceedings support Defendant's Motion to Dismiss. This Court should abstain from exercising jurisdiction over Plaintiff's claim

---

[1] See Defendant's Motion to Dismiss, p 18 filed on May 14, 2007 in this action regarding the inappropriateness of declaratory relief where that remedy is being used for procedural fencing.

of First Amendment violation. Plaintiff's assertion that the JTC is seeking to punish her for exercising her federal constitutional First Amendment right to expose bias and racism by a fellow Ingham County Circuit Court judge is alleged to be the motivation for the state disciplinary proceedings and can be fully and fairly litigated in the state proceedings. Plaintiff has available the safeguards of the Michigan Court Rules. A formal public evidentiary hearing is set for September 17, 2007 with due process procedures and evidentiary rules akin to civil actions in circuit court.[2] The hearing will be before at least five members of the Commission with at least five votes for any action against her and the right of appeal to the Michigan Supreme Court.[3]

---

[2] MCR 9.210(A); MCR 9.211(A).
[3] MCR 9. 9.210(A); MCR 9.211(A); MCR 9.211(D); MCR 9.220 (A); and MCR 9.224(A).

## CONCLUSION

For the additional reasons set forth in this supplemental brief, Defendant Paul J. Fischer, in his official capacity as the Executive Director of the Michigan Judicial Tenure Commission, requests that this Honorable Court dismiss Plaintiff's Complaint with prejudice.

    Respectfully submitted,

    Michael A. Cox
    Attorney General

    *s/Brenda E. Turner*
    Attorney for Defendant
    Michigan Department of Attorney General
    P.O. Box 30736
    Lansing, MI 48909-8236
Dated: August 23, 2007    (517) 335-3922
    Primary e-mail: turnerbe@michigan.gov
    (P24705)

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 23, 2007, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing of the following: Defendant Paul J. Fischer's Supplement to Motion to Dismiss.

>*s/Brenda E. Turner*
>Dept of Attorney General
>P.O. Box 30736
>Lansing, MI 48909-8236
>(517) 335-3922
>Primary e-mail:  turnerbe@michigan.gov
>(P24705)